# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAMELA K. CABE,<br><br>            Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,[1]<br>Commissioner,<br>Social Security Administration,<br><br>            Defendant. | Case No. 06-CV-233-FHM |

## ORDER

Plaintiff, Pamela K. Cabe, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[2] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less

---

[1] Effective February 1, 2007, pursuant to Fed. R. Civ. P. 25(d)(1), Michael J. Astrue Commissioner of Social Security Administration, is substituted as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] Plaintiff's protectively filed August 20, 2003, applications for Supplemental Security Income payments and for Disability Insurance Benefits were denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Richard J. Kallsnick was held February 8, 2005. By decision dated February 17, 2005, the ALJ entered the findings that are the subject of this appeal. The Appeals Council affirmed the findings of the ALJ on February 27, 2006. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

Plaintiff was born March 15, 1962, and was 42 years old at the time of the hearing. She has a high school education and formerly worked as medical assistant. She claims to have been unable to work since June 12, 2003, as a result of seizures and diarrhea. The ALJ determined that Plaintiff retains the residual functional capacity (RFC) for a wide range of light work, including the ability to tolerate moderate stress. Based on the testimony of a vocational expert, the ALJ determined that Plaintiff could return to her former work as a medical assistant as the job is generally performed in the national economy. Alternatively, the ALJ determined that, based on the testimony of the vocational expert, there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step four with an alternate step five finding. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five step evaluative sequence in detail).

Plaintiff asserts that the case should be reversed and remanded because the ALJ failed to properly consider the opinions of her treating physicians. The Court agrees.

Plaintiff accurately points out that the ALJ was factually wrong in saying that neither of her treating physicians "indicate[d] that her seizure medications are unable to be absorbed because of her intestinal problems." [R. 20]. In fact, the record contains several references directly indicating that she was unable to keep medication down because of vomiting. [R. 172, 367, 369].

Plaintiff also correctly points out that records submitted to the Appeals Council,[3] [R. 398-400], contradict the ALJ's determination that other than a November 2003, statement, no medical source advocated disability for her. [R. 20]. Dr. Calvin stated that Plaintiff was unable to walk for more than a few minutes at a time due to poor balance, pain and fatigue. [R. 399]. He also stated that she was lethargic due to her medication and was unable to concentrate and had poor short term memory for the same reason. [R. 398, 399].

The Commissioner asserts that the decision should be affirmed arguing that the physicians' opinions do not qualify as medical opinions entitled to deference, and that the the ALJ's analysis of the medical opinions was sufficient. The ALJ's decision did not state that the treating physician's opinion was not qualified as a medical opinion, that statement appears only in the Commissioner's brief. Likewise the ALJ did not state why he rejected Dr. Edwards' opinion. Furthermore, the statement that Dr. Edwards' opinion was not persuasive because it was not supported by treatment notes and was inconsistent with other notes is contained only in the Commissioner's brief.

---

[3] Although the new evidence was not before the ALJ, the Tenth Circuit has ruled that "new evidence [submitted to the Appeals Council] becomes part of the administrative record to be considered when evaluating the Secretary's decision for substantial evidence." *O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994). Accordingly, even though the Court may not reweigh the evidence or substitute its judgment for that of the Commissioner, *O'Dell* requires the Court to review the new evidence to determine whether, even considering this new evidence, the ALJ's decision is supported by substantial evidence.

Citing *Martinez v. Barnhart*, 444 F.3d 1201, 1207 (10th Cir. 2006) and *Threet v. Barnhart*, 353 F.3d 1185 1191-92 (10th Cir. 2003), the Commissioner asserts that the Appeals Council was not required to do more than acknowledge receiving additional evidence and state that it considered that evidence. These cases do not address the situation presented by this case. In *Martinez* the ALJ's decision was affirmed on appeal without express analysis by the Appeals Council of the additional records submitted to it for review. The Tenth Circuit rejected the argument that the Appeals Council was *required* to discuss the additional treatment records submitted. *Martinez*, 444 F.3d at 1207, 1208. The case was affirmed on appeal because the court determined that the new records did not "undercut" the ALJ's findings. *Id.* at 1208. Unlike the situation in *Martinez*, the new records submitted to the Appeals Council in this case "undercut" the ALJ's statement that "[n]o other medical source advocated disability status [for Plaintiff]." [R. 20].

In *Threet*, the Commissioner's decision was reversed because the Appeals Council gave no indication it had reviewed the new materials submitted to it. *Threet*, 353 F.3d at 1192. In this case, the Appeals Council indicated it reviewed the materials. However, merely stating the new records have been reviewed is not enough where, as here, the new records "undercut" the factual underpinnings of the ALJ's decision.

Because the ALJ's decision is factually incorrect on a matter that is key to Plaintiff's claim of disability and further because evidence submitted to the Appeals Council is directly contrary to the ALJ's findings, the case must be REVERSED and REMANDED for further proceedings.

SO ORDERED this 22nd day of May, 2007.

4

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE